# UBARRI

*v.*

# JNO. DOE ET AL.

San Juan, Law, No. 1174.

PARTIES IN EJECTMENT.

Accion Reivindicatoria—Ejectment.

    1. Accion reivindicatoria of the Civil Code applies to personalty as well as to real property, and its essentials are ownership by plaintiff, an exact description and possession by defendant. Bringing in warrantors as defendants may be proper.

Accion Reivindicatoria—Parties.

    2. The theory of common-law pleading is to narrow issues to a few simple points upon which twelve men may agree, and unnecessary interests should not be joined.

Practice—Land, Rents, and Damages.

    3. The P. R. Civil Code, § 104, embraces recovery of land, rents, and damages, but if rents and damage are different they must each be specified.

Opinion filed November 27, 1918.

*Mr. H. R. Francis* for plaintiff.

*Mr. H. G. Molina* for demurrant.

HAMILTON, Judge, delivered the following opinion:

This matter comes up on a motion to dismiss defendants and

also upon a demurrer, both to the second amended complaint. The complaint as it now stands counts upon the claim of plaintiffs as the heirs of Juan Ubarri to a house and lot in Rio Piedras in the possession of certain parties originally represented upon the records by John Doe et al. Plaintiffs are not the sole heirs of Ubarri and make certain other heirs parties defendant. The succession of Pablo Ubarri was brought in by previous proceedings under § 1385 of the Civil Code to defend his warranty, but the present complaint has made them defendants.

1. The motion to dismiss is by Keck and others heretofore represented by Doe et al., and seeks the dismissal of the succession of Pablo Ubarri on the ground that, having no interest except as warrantors, they are improperly joined as defendants. There is unquestionably some uncertainty in the matter, due to the fact that the Civil Code provides under § 354 for an acción reivindicatoria, which is ordinarily translated ejectment, but is also of the nature of detinue, inasmuch as it applies to all property, whether real or personal,—a distinction which does not prevail in the Civil Law. The Civil Code does not give the elements or features of this action, and the Code of Civil Procedure, which is adopted from common law states, while it does not use the word "ejectment," but the words "action for the recovery of real property," is based upon common-law principles. The action is indifferently spoken of as revindication or ejectment, according to the language used, and there seems to be little difference between them. The essentials are: (1) That plaintiffs are the owners of the property in question; (2) an exact description; (3) and possession by defendant. Siervas de Maria v. May, 17 D. P. R. 726. The Civil Code, §§ 1385, 1386, provides how a defendant vendee shall notify his vend-

ors, and contemplates that the vendor shall "appear and answer the complaint." If the vendor does not so appear, "the period in which to answer the suit shall continue with regard to the vendee." The apparent purpose of this provision is that the warrantor may be brought in to defend, but the Code of Civil Procedure is silent as to the details. In this case the warrantors did not appear in answer to the notice, but the plaintiffs themselves by amendment made them defendants, and it may be that the warrantors propose to defend. If they should defend, their vendees would be benefited to the same extent as if they had come in under notice. It does not appear, therefore, that any harm has been done to the original defendants by bringing in the warrantors, and the motion to dismiss must be denied. What should be done if they do not answer is a matter for future consideration.

2. The same original defendants filed a demurrer setting up several alleged defects. The misjoinder of parties defendant has already been disposed of in connection with the foregoing motion. The joinder of the other cotenants as joint parties defendant complained of seems to be improper. It might well be that in a suit in equity all parties in interest should be joined, but this is not brought as a suit in equity, and the more classes of defendants there are the greater chance of confusion on the part of the jury. The theory of common-law pleading has always been to narrow the issues down to one or more simple points upon which twelve men may be supposed to agree. The broadening of the law admits of more issues, but the same principle is to be applied. The demurrer must be sustained as to the joinder of Miguel Asencion Ubarri y Casals.

3. The complaint sues for the recovery of land, rents, and

Ubarri v. Doe.

profits, and also damages. Section 104 of the Code of Civil Procedure provides that causes of action must belong to one of the classes specified and must affect all the parties to the action, but causes must be separately stated. One of the classes contemplated is stated in the subdivision 2 (two) of that section. That expressly covers the recovery of "specific real property with or without damages for the withholding thereof . . . and the rents and profits of the same." The complaint in question claims the recovery of possession of the property, $6,000 for the withholding thereof, together with $8,000, the value of the rents, issues, and profits. What may be the difference between damages for withholding on the one side and the value of the rents and profits on the other may be difficult to define; but at least both are authorized by the very words of the statute, and it would seem that regulation of the matter must come through instructions to the jury after the evidence is in. The point is raised, however, that under § 104 the claims must be separately stated, that is to say, that, while rents and profits may follow legitimately, any other damages must be described, which is not done herein. This point would seem to be well taken, therefore, and the demurrer will be sustained.

Other points are raised in the demurrer relative to prescription and the like which would seem to have been already passed upon in effect in different applications, and need not be considered.

To the extent above indicated, therefore, the demurrer is sustained; otherwise it is overruled.

It is so ordered.